**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ERICA LYNN HAMPTON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-1154** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is movant Erica Lynn Hampton's *pro se* "Motion Pursuant to 28 U.S.C. Section 2255" (ECF No. 1), seeking "relief" under § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom a § 2255 motion is assigned to promptly make a preliminary examination of the motion, records, and transcripts relating to the judgment under attack. If it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge must order its summary dismissal and cause the movant to be notified. Otherwise, the judge must order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. As set forth herein, the court finds that it plainly appears from the face of the motion that the movant is not entitled to relief, so the motion will be summarily dismissed.

**I.      Standard of Review**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was [1] imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . ." *Id.* Only the fourth basis for granting relief is implicated here: Ms. Hampton asserts that her sentence is "otherwise subject to collateral attack." (ECF No. 1, at 1.) In order to establish a right to relief under this provision of § 2255, however, a movant must demonstrate either a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so

egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations and internal quotation marks omitted).

## II. Discussion

On January 5, 2011, Erica Lynn Hampton was indicted on twenty-four counts of wire fraud, access-device fraud, and aggravated identity theft. (ECF No. 1). She entered a guilty plea to one charge of wire fraud and one charge of access-device fraud on January 9, 2012. (ECF No. 28.) The court accepted the plea agreement on December 20, 2012 (ECF No. 54), and entered an amended judgment on January 2, 2013, sentencing Ms. Hampton to 18 months' imprisonment on each of the 2 counts to which she pleaded guilty, to run concurrently, to be followed by 2 years of supervised release. (ECF No. 61.)[1] Ms. Hampton began serving her sentence on February 20, 2013.

Hampton filed the present motion on October 17, 2013. She alleges only that the undersigned, at the time of sentencing, "ordered Ms. Hampton to participate in a mental health program and recommended mental health treatment and stated she was hoping that mental health treatment would be available." (ECF No. 1, at 1.) Ms. Hampton learned after reporting to Alderson Federal Prison Camp that it does not offer a mental health counseling program. Instead of being provided counseling, Ms. Hampton was offered Prozac to treat her depression and anxiety.

Ms. Hampton states that she felt she was making progress while participating in mental health counseling prior to beginning to serve her sentence, and now feels that she has regressed as a result of not having access to mental health counseling while incarcerated. She states:

> Erica Lynn Hampton, realizing that Judge Trauger, helped her with a downward departure from the guidelines, is requesting a further reduction in her sentence that would enable her to be released to a half-way house where she could pursue further and regular weekly individual therapy that she believes is much needed, even more so now than before, and also pursue employment to begin to make her restitution.

(ECF No. 1, at 2.)

Ms. Hampton has not demonstrated either a fundamental defect that has resulted in a miscarriage of justice or a due-process violation of any kind. The relief sought is simply not available through a motion under § 2255.

---

[1] Ms. Hampton appealed the forfeiture portion of the judgment. The Sixth Circuit entered an order affirming the district court's judgment on October 21, 2013. The mandate has not yet issued. United States v. Hampton, No. 13-5014, slip op. (6th Cir. Oct. 21, 2013).

A federal prisoner may bring a motion under 28 U.S.C. § 2241, rather than § 2255, where she challenges the *execution* of her sentence rather than its validity. The court will not construe the present motion as filed under § 2241, because Ms. Hampton does not, properly speaking, challenge the execution of her sentence either. The court notes that Ms. Hampton, at sentencing, requested a sentence of probation, which the court rejected. The court expressly found that a sentence of 18 months was appropriate after taking all of the relevant sentencing factors into consideration. At the sentencing hearing, the court made it clear that it hoped that Ms. Hampton would pursue the treatment recommendations offered by Dr. Kimberly Brown upon Ms. Hamptons' release from prison (Case No. 3:11-cr-00005, ECF No. 71, at 18). In light of that hope, participation in a mental health program was made one of the special conditions of supervised release (*id.* at 45; *see also* Am. Judgment, ECF No. 61, at 5). In addition, the court recommended mental health treatment at the federal facility where Ms. Hampton would be incarcerated (*id.*), and expressed hope "that some mental health treatment [would be] available" (*id.* at 47). In other words, the court was cognizant of the possibility that individual mental health counseling would not be available to Ms. Hampton while she was incarcerated. The court did not order, and did not have the power to order, mental health counseling during incarceration. Consequently, the lack of a mental health counseling program at the facility where Ms. Hampton is now detained does not provide a viable basis for attacking the execution of her sentence.

In sum, because it plainly appears from the motion and the prior proceedings that Ms. Hampton is not entitled to relief under 28 U.S.C. § 2255 or § 2241, the motion is **SUMMARILY DISMISSED** under Rule 4(b) of the Rules Governing § 2255 Motions.

The Clerk is **DIRECTED** to enter judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge